THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| CARL T.C. GUTIERREZ, FRANK AGUON, JR., and JOHN and JANE DOE CITIZEN PLAINTIFFS 1–1000,<br><br>Plaintiffs,<br><br>v.<br><br>THE GUAM ELECTION COMMISSION, JOHN BLAS, JOSHUA TENORIO, JOSEPH MESA, ALICE TAIJERON, JOHN TERLAJE, ROBERT CRUZ, MARTHA RUTH, JOHN TAITANO, EDWARD B. CALVO, RAY TENORIO, and JOHN and JANE DOE DEFENDANTS 1–1000,<br><br>Defendants. | Case No. 1:10-cv-00031, 1:10-cv-00033<br><br>ORDER |

## I. BACKGROUND & PROCEDURAL HISTORY

On November 2, 2010, the Guam Election Commission (GEC) conducted the General Election of 2010 for Guam, which included elections for the offices of Governor and Lieutenant Governor. On the morning of November 3, the tabulated results indicated that the Republican gubernatorial candidates Edward B. Calvo and Ray Tenorio had garnered 19,879 votes, or 50.38 percent of the votes counted and that the Democratic candidates Carl T.C. Gutierrez and Frank Aguon had garnered 19,296 votes or 48.90 percent of the votes counted. On November 5, the GEC decided to conduct a machine recount of the gubernatorial ballots.

MINUTE ORDER
PAGE - 1

On November 6, the GEC certified the result of the machine recounts: 20,066 for Calvo-Tenorio and 19,579 for Gutierrez-Aguon.

On November 19, Plaintiffs brought an action in federal court (10-cv-00031) alleging that the manner in which the election and the recount had been conducted amounted to violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and violations of Guam Election Laws. Plaintiffs request that Court enter an order declaring that the election results certified by the GEC are invalid, and to issue a writ requiring the GEC to conduct a new election. On November 23, Plaintiffs filed an amended complaint. (Case No. 1:10-cv-00031 (Dkt. No. 8).) On December 20, Defendants filed a motion to dismiss. (Case No. 1:10-cv-00031 (Dkt. No. 29).)

On November 23, Plaintiffs filed a second action (cv1891-10), this time in the Superior Court of Guam, with substantially identical facts, parties, claims, and prayers for relief. (Case No. 1:10-cv-00033 (Dkt. No. 5 at Ex. A).) On December 14, John Blas, Robert Cruz, Joseph Mesa, Martha Ruth, Alice Taijeron, John Taitano, Joshua Tenorio, John Terlaje, and the Guam Election Commission filed a notice removing the Superior Court action to the federal District Court. (Case No. 1:10-cv-00033 (Dkt. No. 1).) Defendants Calvo and Tenorio did not consent to the removal, and filed a motion to remand to the Superior Court of Guam. (Case No. 1:10-cv-00033 (Dkt. No. 5).) The remaining Defendants have changed their position on removal and now join in the motion for remand. (Case No. 1:10-cv-00033 (Dkt. No. 8).)

**II.     ANALYSIS**

The first issue before the Court is Defendants' motion to remand Case No. 1:10-cv-00033 to the Guam Superior Court. After a case has been removed to federal court, a party may move to remand the case for any defect other than lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). The Ninth Circuit has recognized that removal is defective if all defendants do not consent to the removal. *See Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006). As the removing Defendants concede, removal was made without the

unanimous consent of Defendants. (Case No. 1:10-cv-00033 (Dkt. No. 8).) Accordingly, Defendants' motion to remand is GRANTED. (Case No. 1:10-cv-00033 (Dkt. No. 5).)

Due to the necessity of remanding to the Guam Superior Court, it is clear that the two actions cannot be consolidated. This Court is therefore confronted with the potential for a serious problem: one court ruling that the election results are valid and should be upheld, while the other rules that they are invalid. In such a situation, the Court must consider whether it would be appropriate to abstain from exercising its jurisdiction.

In *Colorado River*, the Supreme Court held that federal courts may abstain from exercising their validly conferred jurisdiction in certain exceptional circumstances of parallel, duplicative litigation. *Colo. River Water Conservation Dist.* v. United States, 424 U.S. 800, 817 (U.S. 1976). The Court identified four factors a federal court should consider in deciding whether the interests of wise judicial administration outweigh a court's duty to exercise its jurisdiction: (1) which court first assumed jurisdiction over property, (2) the relative inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, and (4) the order in which jurisdiction was obtained by the state and federal courts. In *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (U.S. 1983), the Supreme Court added two more considerations: (5) whether federal law provides the rule of decision on the merits; and (6) whether the state court proceeding can adequately address the rights of the federal plaintiff. *Id.* at 23. "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case. *Id.* at 16.

Of these issues, the three most significant are (3), (5), and (6). The problem of piecemeal litigation is severe. Under 48 U.S.C. § 1422, the term of the new Governor starts on the first Monday of the year, January 3, 2011. There would be precious little time to reconcile any discrepancies between the rulings of two different courts. Further, there is a clear need to avoid the sort of crisis that divided the country in the aftermath of the 2000 presidential

election, where a conflict over the proper forum for contesting the election consumed all available time in which to contest it. The Court agrees with Defendants that Plaintiffs' claims should be resolved in a single forum. This factor, more than any other, counsels in favor of abstention.

Second, it is Guam law that provides the rule of decision on the merits. Plaintiffs seek a declaration that the election results are invalid and a writ ordering a new election. But the only federal law Plaintiffs mention is 42 U.S.C. § 1983, which merely creates liability for state actors who deprive people of their constitutional rights. Federal law cannot provide the remedy that Plaintiffs seek. Guam law is the only possible source of remedy. Title 3 of the Annotated Guam Code, Chapter 12 provides a detailed framework for the Superior Court of Guam to conduct a special session, hold a trial to determine a contested election, conduct a recount, annul the prior certification of results, and declare a new winner. 3 G.C.A. §12101 *et seq.* Any decision on the merits must come from Guam law, and Guam law provides the legal apparatus that Plaintiffs need. This factor, too, counsels in favor of abstention.

Third, the state court proceeding can adequately address the rights of the federal plaintiff. As a court of general jurisdiction, there is no reason why the Superior Court of Guam cannot address Plaintiffs' claims. Further, even after an abstention, the Court retains its ability to award the attorney fees requested by Plaintiffs should such an award be necessary. "[W]e hold that the abstaining district court . . . may award attorneys' fees under § 1988 for services performed in litigating both state and federal claims in the state courts." *White Mt. Apache Tribe v. Williams*, 1984 U.S. App. LEXIS 25725, *14 (9th Cir. Feb. 7, 1984). This factor does not weigh against abstention.

### III. CONCLUSION

The Court is deeply concerned with the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River*, 424 U.S. at 817. However, the Court is convinced that these are the sort of exceptional circumstances where abstention is

MINUTE ORDER
PAGE - 4

1  warranted. Accordingly, Defendants' motion to remand is GRANTED. (Case No. 1:10-cv-
2  00033 (Dkt. No. 5).) All proceedings in Case No. 1:10-cv-00031 are STAYED pending the
3  outcome of litigation in the Superior Court of Guam.

DATED this 22nd day of December, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

MINUTE ORDER
PAGE - 5